**STEVEN J. ROTHANS – State Bar No. 106579**
**JILL W. BABINGTON – State Bar No. 221793**
**CARPENTER, ROTHANS & DUMONT**
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / jbabington@crdlaw.com

Attorneys for Defendants, CITY OF SANTA ANA, a public entity, and CHIEF PAUL WALTERS and CORPORAL MAURICIO ESTRADA, public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA VARGAS VEGA, SERGIO VEGA,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA; CHIEF PAUL M. WALTERS, and DOES 1 through 10, inclusive.<br><br>    Defendants. | Case No.: CV10-5706 DMG (RZx)<br><br>**PROTECTIVE ORDER** |

The protective order shall govern the disclosure of any and all complaints within the personnel files of Corporal Mauricio Estrada, Corporal Dan Park and Sergeant Lorenzo Carrillo that assert allegations of excessive force and/or dishonesty in the lawsuit entitled <u>Irma Vargas Vega, et al. v. City of Santa Ana, et al.</u>, bearing case number CV10-5706 DMG (RZx).

///

///

///

///

1. All personnel documents, internal affairs documents and all responses to interrogatories which pertain to the personnel and internal affairs documents produced by defense in discovery as ordered by the Court (hereinafter collectively "the Protected Documents")[1], will be clearly designated prior to the disclosure or production of such Protected Documents, and will bear the notation of "Confidential" on each page provided the notation does not obscure or obliterate the document's contents. All Protected Documents shall be subject to this Protective Order as follows.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Plaintiffs, the Guardian Ad Litem or similar representative of any plaintiff, and Defendant City of Santa Ana and its employees, including, but not limited to Corporal Mauricio Estrada, Corporal Dan Park and Sergeant Lorenzo Carrillo;

(c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

(d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

///

---

[1] Documents may qualify as Protected Documents only if they have not been made public.

4. The confidential information may be disclosed to the Court and court personnel, in connection with this litigation. Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use information from Protected Documents must both (a) apply to submit unredacted documents containing information from Protected Documents under seal and (b) file public versions of the same documents with the information from Protected Documents redacted.

5. In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those Protected Documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

6. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of any City of Santa Ana employee, including, but not limited to Corporal Mauricio Estrada, Corporal Dan Park and Sergeant Lorenzo Carrillo, which include Protected Documents or descriptions thereof shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

7. Those attending the deposition of any City of Santa Ana employee including, but not limited to Corporal Mauricio Estrada, Corporal Dan Park and Sergeant Lorenzo Carrillo, shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements relating to information within the Protected Documents made by such person during the course of said depositions.

///

8.   At any deposition of the any City of Santa Ana employee, should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

9.   The Protected Documents shall be used solely in connection with the preparation and trial of the within this action <u>Irma Vargas Vega, et al. v. City of Santa Ana, et al.</u>, bearing case number CV10-5706 DMG (RZx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10.   This Order may not be modified unless by written consent of the parties **and** approval of the Court.  Any party may move for a modification of this Order at any time.

11.   This Order is made for the purpose of ensuring that the Protected Documents and the information contained therein will remain confidential.

12.   At the conclusion of this litigation, upon request of defense counsel, plaintiff's counsel shall return all Protected Documents to Steven J. Rothans, Esq., Carpenter, Rothans & Dumont, 888 S. Figueora Street, Suite 1960, Los Angeles, California 90017.  Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13.   Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## GOOD CAUSE

The City of Santa Ana submits that GOOD CAUSE exists to preserve the confidentiality of the records governed by this stipulation, where the documents consist of portions of police officers' personnel file and private information concerning individuals who are not parties to this litigation. The Santa Ana Police Department has generated and collected the records governed by this stipulation and has maintained the strictest confidentiality with respect to all of the materials requested (peace officer personnel files and internal affairs / administrative investigation files). At no time have any of the requested materials been released to anyone other than the City of Santa Ana Personnel Department and City of Santa Ana City Attorney's Office, including other governmental agencies, except as the City and/or Santa Ana Police Department may have been ordered by other Courts. It is the defendants' position – as outlined in the opposition to the Motion to Compel underlying the disclosure of these documents – that disclosure of the records violates the subject peace officer's right to privacy as protected by the California and United States Constitutions. The parties submit that a protective order governing these documents will serve to balance the officer's right of privacy with the plaintiffs' right to discovery in this litigation.

IT IS SO ORDERED, with the following modifications:

Notwithstanding anything to the foregoing, this Order shall not govern the use of information in connection with dispositive motions or at trial. If a party seeks to protect any material used in connection with a dispositive motion or at trial, the party shall apply separately for such protection, to the judicial officer who will preside at such proceedings.

DATED: June 20, 2011  _____
Honorable Ralph Zarefsky
United States District Court Magistrate Judge